# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| APERTURE SOFTWARE GmbH,<br><br>**Plaintiff,**<br><br>v.<br><br>AVOCENT HUNTSVILLE CORP.,<br><br>**Defendant.** | **CASE NO: CASENUMBER** |

## PETITION AND MOTION TO CONFIRM AND ENFORCE ARBITRATION AWARD

Pursuant to Sections 203 and 207 of the Federal Arbitration Act ("FAA") and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958 (the "New York Convention"), 21 U.S.T. 2517, 330 U.N.T.S. 38, Petitioner Aperture Software GmbH brings this petition and motion in relation to the Final Award on the Quantification of the Respondent's Liability issued by the Arbitral Tribunal on October 17, 2013, attached hereto as Exhibit "A," and hereby moves the Court to confirm and enforce said Award as an order and judgment of this Court against Respondent Avocent Huntsville Corporation.

In support thereof, Aperture Software GmbH submits a memorandum of law contemporaneously herewith, and also shows as follows:

PD.10790264.1

- 2 -

## PARTIES, JURISDICTION and VENUE

1. Aperture Software GmbH ("Aperture") is a limited liability company incorporated under the laws of Austria with its principal place of business located at Schottenring 16/2, A-1010 Vienna, Austria.

2. Avocent Huntsville Corporation ("Avocent") is an Alabama corporation with its principal place of business located at 4991 Corporate Drive in Huntsville, Madison County, Alabama.

3. Aperture brings this summary proceeding under Chapter Two of the FAA, 9 U.S.C. §§ 201-208.  As such, this Court has subject matter jurisdiction over this proceeding, as this action arises under the laws and treaties of the United States.

4. As a separate and independent basis, this Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(e) (diversity jurisdiction), as this action is between a citizen of a foreign state and a citizen of the state of Alabama, and the underlying amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this judicial district pursuant to 9 U.S.C. § 204 and § 9, as Avocent's principal place of business is located within the geographic area comprising this Court's specific district and division.

## FACTS

6.      Through this post-judgment proceeding, Aperture seeks the confirmation and enforcement of the Final Award on the Quantification of the Respondent's Liability issued by the Arbitral Tribunal to Aperture and against Avocent on October 17, 2013 (the "Final Award").  A certified copy of the Final Award is attached hereto as Exhibit "A."

7.      The arbitration proceeding which resulted in the issuance of the Final Award was initially invoked by Aperture pursuant to an arbitration provision in the Syndicate Agreement executed by and between Aperture and Avocent's predecessor, Aperture Technologies International, Inc. ("ATII").  A certified copy of the Syndicate Agreement is attached hereto as Exhibit "B."

8.      Article 6 of the Syndicate Agreement contains a provision whereby the parties expressly agreed to submit any dispute they could not resolve through their own conciliation efforts to binding arbitration under the 2006 rules of the International Arbitral Centre of the Federal Economic Chamber in Vienna (the "Vienna Rules"). Specifically, Article 6 of the Syndicate Agreement provides, in pertinent part, as follows:

> 6.      Resolution of Disputes
>
> (a)     Conciliation: […]
>
> (b)     Arbitration: If the parties fail to resolve any such controversy, claim or dispute by amicable arrangement and

> compromises in the 30 (thirty)-day period immediately following the date of the notice initiating such discussions referred to in subsection (a) above, or if the party receiving such notice fails to commence such discussions within the 10 (ten)-day period immediately following the date of such notice all disputes as defined above shall be finally settled under the Rules of Arbitration and Conciliation of the International Arbitral Centre of the Federal Economic Chamber in Vienna (Vienna Rules) by arbitrators appointed in accordance with these rules.
>
> The number of arbitrators shall be three.
>
> The Chairman shall be knowledgeable in the computer software industry and shall neither be a citizen nor a resident of Austria, Germany or the United States.
>
> The substantive law of Austria shall be applicable. The language to be used in the arbitral proceedings shall be English.

Ex. B, pp. 10-11.

9. A contractual and legal dispute arose between the parties as to the cancellation of certain distribution rights through which Aperture had distributed software products since 2003 within the German-speaking areas of Europe (i.e., Germany, Austria and certain parts of Switzerland).  Ex. A, pp. 11-13.

10. On or about February 2, 2011, Aperture filed its Statement of Claim against Avocent as to the above-referenced dispute.  Id., p. 4.

11. An arbitral tribunal was subsequently constituted pursuant to the Vienna Rules.  Id.  The arbitration proceeding commenced thereafter in July, 2011.  Id., p. 5.

12. Prior to the entry of the Final Award, the Arbitral Tribunal issued a Partial Award, through which the Tribunal decided that the termination of Aperture's certain distribution rights had been unlawful, due to Avocent's breach of contractual and legal provisions. Id., p. 13. A certified copy of the Partial Award is attached hereto as Exhibit "C."

13. Subsequently, the Arbitral Tribunal issued its decision incorporated into the Final Award, which set forth as follows:

> For the reasons set forth above, the Arbitral Tribunal issues this "Final Award on the Quantification of the Respondent's Liability" and makes the following decision:
>
> 1. Respondent, Avocent Huntsville Corporation, shall pay to Claimant, Aperture Software GmbH, the following amounts within 14 days after the date of this Final Award: (i) 6,150,000 Euros as damages due under Art. 23 HVertrG plus (ii) 369,500 Euros as compensation due under Art. 24 HVertrG.
>
> 2. Respondent, Avocent Huntsville Corporation, shall pay to Claimant, Aperture Software GmbH, interest on the amounts awarded in para. 1 *supra,* at the rate established in Art. 352 UGB, from 2 February 2011 until the date of actual payment.
>
> 3. Respondent, Avocent Huntsville Corporation, shall pay to Claimant, Aperture Software GmbH, an amount of 247,325.63 Euros as Costs of Arbitration and 200,000 Euros as Costs of the Parties.
> 4. The Tribunal lacks jurisdiction to decide whether the Claimant has the right to commence legal enforcement procedures against the Respondent, once the 14 day period following the issuance of the award has lapsed.
>
> 5. All other prayers for relief are dismissed.
>
> Place of arbitration: Vienna

Date of this Final Award: 17 October 2013

Ex. A, p. 81.

14. As set forth in the Award, Article 352 of the Austrian Commercial Code (*Unternehmensgesetzbuch*, "UGB") governs the interest rate applicable to the damages which have been awarded herein. See Final Award at ¶339. As explained by the Tribunal, Article 352 UGB sets the interest rate for late payments at 8% above the base rate (the Tribunal refers to the base rate as the "basic" interest rate). Id. It accrued as of February 2, 2011, the date on which Avocent was put on notice of the claim. Id. at ¶340. The base interest rate is periodically revised. Within the relevant period of time, the interest rates pursuant to Article 352 UGB were as follows (See Exhibit "D"[1] hereto):

| **Period** | **Base Interest Rate** | **Article 352 UGB Interest Rate** |
|---|---|---|
| 05/13/09 to 07/13/11 | 0.38% | **8.38%** |
| 07/13/11 to 12/14/11 | 0.88% | **8.88%** |
| 12/14/11 to 05/08/13 | 0.38% | **8.38%** |
| 05/08/13 to Present | -0.12% | **7.88%** |

15. On November 20, 2013, Avocent submitted a request to correct alleged clerical and computational errors in the Final Award pursuant to Article 29

---

[1] Exhibit D is an interest rate table published by the Austrian National Bank. As is customary in Europe, the format is day/month/year.

of the Vienna Rules, followed by a supplemental correction request on December 6, 2013 ("the correction proceedings"). Those requests are currently outstanding.

16. On December 20, 2013, Avocent further moved before the Vienna Commercial Court (*Handelsgericht*) to have the Award set aside pursuant to Section 611 of the Austrian Code of Civil Procedure (*Zivilprozessordnung*, "ZPO"). That motion, too, is still outstanding. However, for the reasons set forth in Aperture's accompanying memorandum of law, Aperture submits that neither the correction proceedings nor the motion to set aside should affect the instant petition.

## CAUSE OF ACTION

### Confirmation of Arbitration Award Pursuant to 9 U.S.C. § 201, *et seq*.

1. Aperture repeats and realleges the allegations in the paragraphs above as if set forth fully herein.

2. The Syndicate Agreement and the Final Award arose out of a legal relationship that is commercial within the meaning of 9 U.S.C. § 202.

3. The Syndicate Agreement stated that the award of an arbitration proceeding conducted pursuant to Article 6 shall be binding upon the parties and final.

4. The Final Award was issued October 17, 2013 in Vienna, Austria.

5. The Award has not been vacated, modified or corrected to date.

6. None of the grounds for refusal or deferral of the Award set forth in the New York Convention apply.

7. The Final Award may be summarily confirmed pursuant to 9 U.S.C. § 207.

WHEREFORE, Aperture Software GmbH prays that this Court enter an order pursuant to 9 U.S.C. § 207 confirming the Award against Avocent Huntsville Corporation, and that the Court enter judgment on the Award.

/s/ *Ashley Swink Fincher*
ASHLEY SWINK FINCHER
(SWINA6234)
ALLEN E. GRAHAM
(GRAHA3109)
Attorneys for Aperture Software GmbH

**PHELPS DUNBAR LLP**
2 North Royal Street
Mobile, Alabama 36602
Post Office Box 2727
Mobile, Alabama 36652-2727
251-432-4481
Teeto.Graham@phelps.com
Ashley.Swink@phelps.com


To be served via certified mail with Memorandum in Support and Exhibits:

Avocent Huntsville Corporation
c/o The Corporation Company
2 North Jackson St, Suite 605
Montgomery, AL 36104